THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT HOVENEC, Defendant-Appellant.

First District (6th Division)   No. 1—90—2543

Opinion filed July 6, 1992.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Brian Clauss, and Deborah Alexander, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant was charged with armed robbery. Following a bench trial, the court convicted him of robbery and sentenced him to three years' imprisonment. On appeal, defendant contends that: (1) since the trial judge concluded that no force was used until after the taking, his robbery conviction must be reversed; (2) the trial judge erred in failing to appoint new counsel to investigate his claim of ineffective assistance of counsel; and (3) he did not make a knowing and intelligent waiver of his right to counsel at his post-trial hearing.

Complainant Shukri Judeh testified that he owned a liquor store at 5053 South Ashland Avenue in Chicago. On March 24, 1990, he was outside the store while his son Joseph was working inside. Defendant and Patrick Freeman walked into the store, and Freeman later walked out with a paper bag. While defendant was still inside the store, Joseph called his father into the store and asked if defendant had paid him any money. Complainant testified that he told his son "No." When defendant put a wine bottle into his pocket, complainant tried to take it from defendant. Defendant pulled a knife and swung it at complainant's head, then backed up to the door as complainant swung his cane at defendant. Defendant walked to his friend's truck as complainant tried to stop defendant, who was still swinging the knife. Complainant followed defendant in his car, then alerted police, who arrested defendant and took the knife and the stolen bottle of wine.

Joseph Judeh testified that he was working at the register when defendant and Freeman entered the store. Freeman purchased alcoholic beverages and left. Defendant had a bottle of wine and said that he had paid Joseph's father, who was outside. Joseph called to his father, who came inside, and Joseph asked if defendant had paid for the wine. Complainant said that defendant had not paid for the wine and therefore he attempted to grab the wine bottle from defendant, who pulled out a knife and swung it above his head. Defendant backed out the door and left followed by complainant.

Chicago police officer Thomas Coughlin testified that complainant told him that he had been robbed at knifepoint and had followed the offender. Complainant then took him to a house and identified defendant, who ran into the house. The officer apprehended defendant in the

hallway and recovered a hunting knife, which defendant had removed from a sheath, and a bottle of wine, which the complainant identified as the proceeds of the robbery.

The trial court originally convicted defendant of armed robbery. However, at the hearing on defendant's *pro se* post-trial motion, the court made the following statement:

"However, the Court has considered and reconsidered the evidence, and even though there's no question but that you employed a knife in the store, to give you every benefit of the doubt, the knife was employed not so much to effect the theft or the robbery of the merchandise, but to effect an escape, and so to give you every benefit of the doubt, we're going to vacate the finding of armed robbery and find you guilty of robbery."

A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. (Ill. Rev. Stat. 1989, ch. 38, par. 18—1.) A person commits armed robbery when he or she violates section 18—1 while he or she carries on or about his or her person, or is otherwise armed with, a dangerous weapon. Ill. Rev. Stat. 1989, ch. 38, par. 18—2.

Defendant contends that in his case no force was used until after the robbery and therefore his conviction for robbery must be reversed. He argues that the defense testimony and an affidavit attached to his post-trial motion establish that he did not take the bottle of wine but instead he attempted to buy it with food stamps.

Defendant emphasizes that a robber must use violence or fear of violence as the means to take property in control of the victim, and where the evidence does not show beyond a reasonable doubt that the violence was exerted as a means to take the property, a conviction for robbery or armed robbery must be reversed. *People v. Tiller* (1982), 94 Ill. 2d 303, 316, 447 N.E.2d 174.

■ Once a defendant has been convicted, a reviewing court should evaluate the evidence in the light most favorable to the prosecution, and the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Tye* (1990), 141 Ill. 2d 1, 13-14, 565 N.E.2d 931.) We find that the trial court's remarks reducing the conviction from armed robbery to robbery indicate the court believed force had been used in complainant's store. The evidence clearly established that defendant used force and the threat of force to obtain the wine and that complainant made a strenuous effort inside as well as outside his store to prevent defendant from taking the bottle of wine.

The trial judge's comment at defendant's sentencing focused on the fact that defendant may not have used a weapon for the actual robbery. But this cannot be interpreted as a factual finding by the judge that no "force" was used. Such a finding would have been inconsistent with the court's robbery finding.

In *People v. Ortiz* (1987), 156 Ill. App. 3d 170, 509 N.E.2d 633, the court rejected the argument that the force used must have taken place before or contemporaneously with the taking of the property to sustain a robbery conviction. (*Ortiz*, 156 Ill. App. 3d at 174-75.) A robbery is complete when property is moved from its customary location with the intent to deprive the owner of the property even though escape with the property is thwarted, and while the initial taking may be accomplished without force, the offense is robbery if the departure is accomplished by the use of force. *People v. Ditto* (1981), 98 Ill. App. 3d 36, 38, 424 N.E.2d 3.

We find that evidence established defendant used force when he put the bottle of wine in his pocket, thwarted complainant's efforts to retrieve the wine and then waved his knife around in his effort to make good his escape. We hold that defendant was proved guilty of robbery beyond a reasonable doubt.

■ Second, defendant contends that he was denied effective assistance of counsel because the trial judge failed to either appoint new counsel at his *pro se* post-trial motion hearing or inquire further of defendant with regard to his allegations. Defendant contends that he was not even present at the post-trial hearing where the judge considered his *pro se* motion and then denied the motion.

The record establishes that defendant was not present. At the hearing the trial judge spoke with defendant's counsel and reviewed defendant's motion, stating: "The allegations in the petition are that the Public Defender assigned to him, Patrick Moriarity knows a John Champain, but they have it here as Champlain, with him [*sic*] the petitioner had some difficulty in 1982." Defense counsel notes for the record that Champain used to be a public defender. The court replied: "That is what it says here. And that you know him, and so the petitioner is assuming that there may be some conflict of interest because you know him. He also complains of no visits at the jail, and he hasn't been provided with copies of documents and access, and he needs better access to the law library at the jail than he's been getting. These are his reasons for requesting the appointment of a lawyer other than the Public Defender. This motion is denied."

Defendant's handwritten motion contends that he was represented by Champain in 1982 and that Champain was allegedly in-

volved in improprieties with regard to defendant's court proceeding. Defendant contended that his current public defender, Moriarity, admitted that he knew Champain and spoke well of Champain. Based on these facts, defendant contended that "there may be a conflict of interest." Defendant contends on appeal that the judge erred when he failed to inquire into this potential conflict of interest.

The court in *People v. Jackson* (1985), 131 Ill. App. 3d 128, 474 N.E.2d 466, relying on *People v. Krankel* (1984), 102 Ill. 2d 181, 189, 464 N.E.2d 1045, and *People v. Johnson* (1981), 98 Ill. App. 3d 228, 424 N.E.2d 610, explained how a court should handle a defendant's post-trial motion claiming ineffective assistance of counsel:

> "The trial court should examine the factual matters underlying the defendant's claim. *** If the claim goes to matters of trial tactics or strategy, the defendant's claim should be found spurious and his request for new counsel denied. This was the case in *Johnson*. If, however, the factual matters show possible neglect of the defendant's case, the court should appoint new counsel who can undertake an independent evaluation of the defendant's claim and present the matter to the court from a detached, yet adversarial, position. This was the case in *Krankel*, where defendant alleged that his attorney failed to interview an alibi witness." *Jackson*, 131 Ill. App. 3d at 139.

Though the opinion was published after defendant's trial in this case, the Illinois Supreme Court approved of the *Jackson* court's interpretation of *Krankel* in *People v. Nitz* (1991), 143 Ill. 2d 82, 572 N.E.2d 895, and more recently in *People v. Williams* (1991), 147 Ill. 2d 173, 250-52.

In *Williams* the court stated that a *pro se* motion for a new trial alleging ineffective assistance of counsel does not *per se* require appointment of new counsel. The court found that "[o]nly if the allegations show possible neglect of the case *** should new counsel be appointed." *Williams*, 147 Ill. 2d at 251.

We find that, under the standards reaffirmed in *Williams*, the trial judge had no facts before him to indicated a "possible neglect of the case" that would have warranted appointment of new counsel to explore defendant's allegations.

■ Finally we consider defendant's contention that he did not make a knowing and intelligent waiver of counsel at his post-trial hearing and therefore his case should be remanded for a new hearing. Under Supreme Court Rule 401(a), waiver of counsel cannot occur until a court informs the defendant of and determines that he understands: (1) the nature of the charge; (2) the minimum and maximum

sentence prescribed by law, including when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and (3) that he has the right to counsel and, if indigent, to have counsel appointed for him by the court. *People v. Reed* (1987), 160 Ill. App. 3d 606, 609, 513 N.E.2d 1193.

In defendant's motion for a rehearing or new trial he proceeded as his own counsel. His motion begins: "I, defendant Robert Hovenec, Sr., acting as my own attorney, as is my right under the Constitution of the United States ***." In a post-trial hearing, the following colloquy occurred:

"THE COURT: We have a motion for rehearing as to Robert Hovenec. Here's a copy for the State and defense. *** Is Mr. Hovenec representing himself now, Mr. Moriarity? That's what he says in his petition.

MR. MORIARITY: Your Honor, I'm not totally correct in what procedures I have to follow, but I know that I have filed a post-trial motion in the matter. I have also prepared and had him sign a notice of appeal. I do not know to what degree else I should be involved in it. *** I'm not sure that other forms will be lacking in my participation in the matter, but at Mr. Hovenec's request—

\* \* \*

THE COURT: Good afternoon, Mr. Hovenec. Mr. Hovenec, according to your most recent petition here, you are representing yourself now?

DEFENDANT HOVENEC: Well I wasn't represented all through the trial.

THE COURT: Wait. No. Just answer the question. *** You're representing yourself, is that right?

DEFENDANT HOVENEC: Yes, sir.

THE COURT: Well, we're at the sentencing stage here, so if you're representing yourself, we are going to give you and the State a copy of the pre-sentence report. You understand that this is the sentencing stage before we get to your motion here, and that you've been found guilty of armed robbery and that the least sentence is six years and the maximum is thirty. And you have a right to an attorney.

DEFENDANT HOVENEC: I'd like to have one that's competent.

THE COURT: Just a minute. And you do not want the services of any public defender. Is that right? Is that what you have told us?

DEFENDANT HOVENEC: Yes, sir.

THE COURT: All right. So you're choosing to represent yourself.

DEFENDANT HOVENEC: Yes, sir."

We find that the requirements of Supreme Court Rule 401(a) as articulated in *Reed* were satisfied and therefore reject defendant's contention that he did not make a knowing and intelligent waiver of his right to counsel. Therefore, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and RAKOWSKI, JJ., concur.