THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE D. HAYNES, Defendant-Appellant.

Third District   No. 3—00—0942

Opinion filed June 17, 2002.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Carol L. Anfinson, of Aurora, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Terrance Haynes was convicted of first-degree murder after a jury trial and was sentenced to a term of 45 years' imprisonment. On appeal, defendant claims that the trial court erred in denying his posttrial motion alleging ineffective assistance of counsel without appointing substitute counsel. We reverse and remand.

## Facts

Defendant was convicted of killing Cezaire Murrell on May 27, 1999, in Kankakee, Illinois. Approximately one week prior to the killing, Murrell had assaulted the defendant at a shopping mall, punching and kicking him. On May 27, the defendant was on the front porch of the home of his friend, Gary Hammond. A number of other people were present, including the State's chief witness, Marcus Hammond, the 11-year-old brother of Gary Hammond. Marcus testified that Murrell approached the porch from the sidewalk, shoved a man named Willie Turner out of the way, and came onto the porch. Everyone else left the porch and moved onto the sidewalk as Murrell and the defendant exchanged words. When the two men were five to six feet apart, the defendant pulled out a gun and pointed it at Murrell. Murrell moved toward the defendant and the defendant fired twice, striking Murrell in the chest and shoulder. Marcus testified that he did not see Murrell holding a gun.

The defendant testified that Murrell walked up to the porch, asked him for money, and threatened to hit the defendant when he refused. Willie Turner walked Murrell back to the sidewalk and tried to get him to leave, but Murrell said he wasn't leaving until something happened. According to defendant, Murrell lifted his shirt, revealing a gun in his waistband. Defendant then picked up a gun that was on the porch underneath a shirt and put it in his back pocket. Murrell pushed Turner down and ran up on the porch. Murrell had one hand on his gun and he was reaching for the defendant with the other hand. Defendant pulled out the gun, closed his eyes and started shooting. The defendant then ran away, leaving both the gun he used in the shooting and Murrell's gun behind. No guns were recovered from the scene.

At the jury instruction conference, the defendant, against his attorney's advice, declined to have the jury instructed concerning second-degree murder. The defendant was found guilty of two counts of first-degree murder. At the sentencing hearing, the defendant claimed that his attorney had been ineffective in failing to present the testimony of certain witnesses. The trial court scheduled a hearing to investigate defendant's claim. At the November 17, 2000, hearing the defendant testified that there were "at least ten people" who had been at the scene of the shooting and were willing to testify. Defendant could only name five of those people, however: Darryl Haynes, defendant's cousin; Gary Hammond, Jr.; Lance Crowell; Jackie Speed; and Toya Williams.

Defendant's attorney, John Boyd, testified that his conversations with the defendant indicated that Crowell, Speed and Williams could only testify about previous incidents, not about the shooting. In addition, Hammond was in federal custody and Boyd was concerned "about

the negative aspects of putting someone on the stand who has a significant criminal history or who is currently serving time for a criminal activity." Boyd stated that another witness whom he could not recall was also in custody.

The defendant testified in rebuttal that Crowell, Speed and Williams were at the scene of the shooting and could have testified to what happened that day. Defendant also asserted that Boyd never talked to Darryl Haynes.

In response, Boyd testified that if he had called Gary Hammond, Darryl Haynes, Toya Williams or Jackie Speed to testify, then "based on the statements previously given to the police by the witnesses, I believed I would have been impeaching my client's version of the story and assuring a [f]irst [d]egree [m]urder conviction." The defendant disagreed, claiming that according to the statements he had received in discovery, the listed witnesses had stated that they had seen Murrell with a gun.

■ The court found that defendant's claims of ineffective assistance of counsel were matters of trial strategy or tactics. The court ruled that the witnesses had not been presented because they either could not help defendant's case, would impeach his testimony, or would not be helpful because of their criminal history. Accordingly, the court declined to appoint new counsel for the defendant.

## Analysis

"When a defendant presents a *pro se* post-trial claim of ineffective assistance of counsel, the trial court may, under certain circumstances, appoint new counsel to assist the defendant in presenting his claim. However, the trial court should first examine the factual basis for defendant's claims. After this examination, if the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then new counsel need not be appointed and the *pro se* motion can be denied. However, if the allegations show possible neglect of the case, new counsel should be appointed. [Citations.] The appointed counsel can then independently evaluate the defendant's claim and would avoid the conflict of interest that trial counsel would experience if she had to justify her actions contrary to her client's position. [Citations.] '[T]he operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the *pro se* defendant's allegations of ineffective assistance of counsel.' *People v. Johnson*, 159 Ill. 2d 97, 125[, 636 N.E.2d 485] (1994)." *People v. Bull*, 185 Ill. 2d 179, 210, 705 N.E.2d 824, 839-40 (1998).

■ A trial court's finding that it is unnecessary to appoint new counsel will not be disturbed on appeal unless it is manifestly erroneous. *People v. Woodson*, 220 Ill. App. 3d 865, 581 N.E.2d 320 (1991).

■ Defendant argues that the trial court should not have considered his ineffectiveness claims as merely involving trial strategy. We agree. Boyd testified that he did not call Gary Hammond, Darryl Haynes, Toya Williams or Jackie Speed as witnesses because, *based on statements they had given to the police*, their testimony would have conflicted with the defendant's testimony. According to the defendant, however, the witnesses' statements supported his claim that Murrell had a gun, a critically important fact. Given the conflicting nature of the testimony, we believe the trial court should have either examined the police reports if they were available, continued the hearing until they could be obtained, or simply appointed new counsel. See *Bull*, 185 Ill. 2d at 210, 705 N.E.2d at 839 (new counsel should be appointed "if the allegations show *possible* neglect") (emphasis added); see also *People v. Nitz*, 143 Ill. 2d 82, 572 N.E.2d 895 (1991) (new counsel should have been appointed where defendant alleged failure to call witnesses; counsel should not have been allowed to question witnesses who might prove his incompetence).

We emphasize the narrowness of our holding. A trial court is not required to appoint new counsel every time a defendant claims that his attorney failed to call all favorable witnesses. Many factors influence the decision to put a witness on the stand, and such decisions are generally matters of trial strategy that are beyond the scope of review. *People v. Cordevant*, 297 Ill. App. 3d 193, 696 N.E.2d 1233 (1998). Nor do we suggest that new counsel is required every time the attorney's testimony conflicts with that of his client. But where a defendant's assertions, if true, strongly suggest possible neglect, and those assertions may be readily proved or disproved by consulting the record, we believe it is incumbent upon the trial judge to do so.

Accordingly, we reverse the trial court's ruling denying the defendant's posttrial motion and we remand for further proceedings. The trial court should examine the statements given by the witnesses to the police, along with any other inquiry the court deems necessary. If the evidence demonstrates possible neglect of defendant's case, new counsel should be appointed to represent the defendant. If, however, the court again finds that defendant's claims pertain only to trial strategy, defendant's posttrial motion should be denied.

For the reasons stated above, the trial court's judgment denying defendant's *pro se* posttrial motion is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

LYTTON, P.J., and McDADE, J., concur.