THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY YOUNG, Respondent-Appellant.

Fourth District No. 4—01—0627

Opinion filed June 30, 2003.—Rehearing denied July 28, 2003.

APPLETON, J., dissenting.

Daniel D. Yuhas and Keleigh L. Biggins, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, Larry Young, appeals his jury conviction for aggravated battery (720 ILCS 5/12—4(b)(6) (West 1998)) and the trial court's denial of his posttrial motion for appointment of new counsel. We affirm.

## I. BACKGROUND

The indictment stated that on December 14, 1999, in Livingston County, Young committed aggravated battery by "knowingly [making] physical contact of an insulting or provoking nature with Kara Cumberland, in that he spit upon [her], knowing [her] to be a correctional institution employee engaged in the execution of her official duties."

At the first appearance on April 28, 2000, the trial court asked Young how old he was. Young answered he was 44. After reading the charge to him, the trial court explained to him that aggravated battery was a Class 3 felony, for which he could be sentenced to imprisonment for 2 to 3 years or, depending on his criminal history, 5 to 10 years, and, if convicted, he would serve the sentence consecutively to whatever term he was presently serving. The court further told him: "You are entitled to a lawyer. You can hire your own. Or, if you can't afford one, I would appoint the public defender to represent you." At Young's request, the trial court appointed the public defender, David Ahlemeyer, to represent him. Ahlemeyer entered a plea of not guilty on Young's behalf.

On June 22, 2000, a jury found Young guilty of aggravated battery. Correctional officer Cumberland had testified that Young spit on her. This testimony was corroborated by another correctional officer who

heard a spitting noise come from Young's cell followed by Cumberland wiping off her face and rushing away. Young denied spitting on anyone. On July 26, 2000, the trial court sentenced Young to three years in prison to run consecutively to the sentence he was already serving.

On August 4, 2000, the circuit clerk filed a notice of appeal on Young's behalf. On August 21, 2000, Young filed a motion to reduce his sentence. On June 21, 2001, pursuant to Rule 606(b) (188 Ill. 2d R. 606(b)), we dismissed the appeal as premature and remanded the case for proceedings on the posttrial motion (the motion to reduce the sentence). *People v. Young*, No. 4—00—0691 (June 21, 2001) (dismissed on appellant's motion as premature).

On July 3 and 5, 2001, Young filed, *pro se*, two motions for the appointment of new counsel. In these motions, he alleged that Ahlemeyer had been ineffective.

On July 16, 2001, the trial court held a hearing on Young's posttrial motions. Young appeared without counsel. The court concluded that the allegations in Young's motions for the appointment of new counsel did not entitle him to different counsel. The court therefore declined to appoint new counsel, giving Young a choice between the continued services of the public defender or self-representation. Young chose the latter. Finding the sentence of three years' imprisonment to be "an appropriate sentence for what *** [Young] did," the court denied his motion to reduce the sentence.

This appeal followed.

## II. ANALYSIS

Young appeals, arguing that (1) the trial court failed to make an adequate inquiry into his allegations of ineffective assistance of counsel before denying his request for new counsel, (2) the public defender rendered ineffective assistance at trial, (3) the trial court failed to admonish him pursuant to Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) before holding that he had waived his right to counsel, and (4) improper comments by the prosecutor during closing arguments deprived Young of a fair trial. We address each issue in turn.

### A. Adequate Inquiry

■ When a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the *pro se* defendant's allegations of ineffective assistance of counsel. *People v. Haynes*, 331 Ill. App. 3d 482, 484, 771 N.E.2d 643, 645 (2002). A trial court's finding that it is unnecessary to appoint new counsel will not be disturbed on appeal unless it is manifestly erroneous. *Haynes*, 331 Ill. App. 3d at 484, 771 N.E.2d at 645.

In this case, Young's claims of ineffective assistance all related to matters that happened at trial. The judge hearing Young's posttrial motion, having been the judge presiding over the trial, already knew all the facts he needed to rule on Young's motion. Further inquiry into the factual basis for Young's claims was therefore unnecessary. The judge did examine Young's motion, and he decided that the arguments were without merit. Under the circumstances, the trial court conducted an adequate inquiry into Young's allegations of ineffective assistance of counsel.

Having conducted an adequate inquiry, the question still arises whether the trial court's decision that Young's arguments were without merit was manifestly erroneous. To answer that question, we next address whether Young's trial counsel's performance was ineffective.

## B. Trial Counsel's Performance

■ To prevail on a claim of ineffective assistance of counsel, Young must prove (1) his lawyer's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the defense lawyer's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v. House*, 141 Ill. 2d 323, 388, 566 N.E.2d 259, 288 (1990). "[N]either mistakes in strategy nor the fact that another attorney with the benefit of hindsight would have handled the case differently indicates the trial lawyer was incompetent." *People v. Vera*, 277 Ill. App. 3d 130, 138, 660 N.E.2d 9, 16 (1995). "The defendant must overcome a 'strong presumption that counsel's complained-of action or inaction was merely trial strategy.' " *Vera*, 277 Ill. App. 3d at 138, 660 N.E.2d at 16, quoting *People v. Medrano*, 271 Ill. App. 3d 97, 100, 648 N.E.2d 218, 221 (1995).

Young argues that his counsel's performance was objectively unreasonable because counsel did not object to the admission of Young's prior convictions, Young being shackled during the trial, testimony that Cumberland was pregnant, and references that Young was housed in a segregation unit. Young also argues that it was objectively unreasonable to use the so-called "mere-fact" method of impeachment and that it was objectively unreasonable to fail to explain to the jury that Young wore dark glasses for medical reasons.

We first address the issue of Young's prior convictions.

During direct examination, Young's counsel asked the following question: "And I take it that you have been convicted of one or more

felonies that resulted in your incarceration; is that correct?" Young answered yes.

■ Young argues that his counsel was ineffective for failing to move *in limine* to exclude evidence of his prior convictions. We find this argument to be without merit for the simple fact that the jury was going to know Young had a prior conviction because Young was in prison. Young's current imprisonment was not something the trial court could exclude.

■ Young also argues that his counsel was ineffective for disclosing the "mere fact" of the prior convictions on direct examination, without requiring the court to engage in the requisite balancing test set forth in *People v. Montgomery*, 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698 (1971). The *Montgomery* balancing test requires a trial court to exclude evidence of a prior conviction if the danger of unfair prejudice outweighs the probative value. *Montgomery*, 47 Ill. 2d at 516, 268 N.E.2d at 698. The mere-fact method of impeachment informs the jury only of the "mere fact" of a witness's prior conviction. *People v. Kunze*, 193 Ill. App. 3d 708, 733, 550 N.E.2d 284, 301 (1990) (Steigmann, J., specially concurring).

The Illinois Supreme Court has since rejected the use of the mere-fact approach, stating:

"This bare announcement unavoidably invites jury speculation about the nature of the prior crime. There is a potential danger that the jury would speculate that the defendant was previously convicted of a more serious crime. Consequently, the mere-fact approach may result in unfair prejudice to the defendant arising from jury speculation as to the nature of the prior unnamed crime." *People v. Atkinson*, 186 Ill. 2d 450, 459, 713 N.E.2d 532, 536-37 (1999).

Returning to Young's arguments, we find no error in not asking the court to conduct a balancing test on whether evidence of Young's prior convictions should be admitted. Again, the jury was going to know Young had a prior conviction because Young was in prison. Young's current imprisonment was not something the trial court could exclude.

Regarding the mere-fact argument, Young is effectively arguing that defense counsel should have brought out the details of Young's prior convictions to the jury. This argument has some merit. It may have been better for defense counsel to elicit the nature of Young's prior convictions rather than let the jury speculate about them.

On the other hand, defense counsel may have thought it better to acknowledge the obvious, that Young was in prison for a felony conviction, and move on without dwelling on Young's past crimes. This ap-

pears to be a matter of trial strategy. That this may not have been the best strategy, or that Young's appellate counsel may have acted differently, does not overcome the strong presumption that counsel's complained-of action or inaction was merely trial strategy. *Vera*, 277 Ill. App. 3d at 138, 660 N.E.2d at 16. Trial counsel was not ineffective on this basis.

■ Young also argues that his counsel was ineffective for failing to object to Young being shackled during the trial. Young points out that shackling is disfavored because it prejudices a jury against the accused, restricts the defendant's ability to assist his attorney, and offends the dignity of the judicial process. *People v. Boose*, 66 Ill. 2d 261, 265, 362 N.E.2d 303, 305 (1977). An accused, therefore, should never be shackled in front of the jury unless there is a manifest need for the restraint. *Boose*, 66 Ill. 2d at 265-66, 362 N.E.2d at 305.

The trial court stated that Young was to be shackled based upon Young's record of committing assaults while in prison. The presentence report indicates that since Young's imprisonment in 1998, he had received 11 citations for assault and 7 for intimidation and threats. Young does not suggest that this information is incorrect or that it does not support the court's decision to shackle Young. Nor does Young suggest that an objection to the shackles would have likely been granted. Even if Young's counsel's failure to object was objectively unreasonable, since Young has not demonstrated that the outcome would have been any different, no ineffective assistance of counsel is shown. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ Young next argues that his trial counsel should have asked the court to inform the jury that Young wore dark glasses for medical reasons. Young suggests that by not doing so the jury was left to speculate that Young wore dark glasses as a whim or in disrespect. This is based on some comments by the trial court before trial that people generally do not wear dark glasses in courtrooms and that it might be better if Young took the glasses off to testify so the jury could see his eyes. The record does not indicate whether Young took the glasses off to testify.

The record does indicate that Young had other nontinted glasses and that he did not have to wear glasses all the time. It was apparently Young's choice, rather than an absolute medical necessity, to wear the tinted glasses at trial. Trial counsel was therefore not ineffective for not asking the court to tell the jury that Young wore the glasses out of medical necessity.

■ Finally, Young argues that his counsel was ineffective for failing to object to testimony that correctional officer Cumberland was five

months pregnant when Young spat in her face and that Young was housed in the segregation unit. Young argues that this testimony was irrelevant and prejudicial and should not have been allowed. We disagree.

The testimony about Young being in segregation and correctional officer Cumberland being five months pregnant was relevant. Young's presence in segregation explained why he was behind a steel door with a small hole rather than behind bars in a regular cell. Young's trial counsel actually used Young's presence in a segregation cell to argue Young's innocence. In closing arguments, defense counsel suggested that if Young had really spit through the narrow grate in the small hole in the door, then some spit should have been observed stuck on that grate, yet there was none. Regarding correctional officer Cumberland being pregnant, an element of battery which the State had to prove was that the contact was "of an insulting or provoking nature." 720 ILCS 5/12—3(a)(2) (West 1998). In this case, the fact that correctional officer Cumberland was five months pregnant heightened her concern about possibly contracting a disease from Young's saliva. This exemplified the insulting or provoking nature of the contact, an element the State had to prove.

■ Since the evidence was relevant, an objection would not likely have been granted and there would have been no difference in the outcome. Young's counsel was therefore not ineffective on this basis. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

## C. Rule 401(a) Admonishments

Supreme Court Rule 401(a) provides:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

■ Young had a right to counsel in the hearing on his posttrial motions. See *People v. Hughes*, 315 Ill. App. 3d 86, 95, 733 N.E.2d 705, 712 (2000), citing U.S. Const., amends. VI, XIV; *People v. Baker*, 92 Ill. 2d 85, 90, 440 N.E.2d 856, 858 (1982). By telling the trial court he did not want the public defender to represent him any longer, Young in ef-

fect waived his right to appointed counsel and chose self-representation. The trial court made it clear to Young that it would not appoint a different attorney. Young argues that before accepting the waiver of counsel, the trial court had to admonish him under Rule 401(a). See *People v. Baker*, 94 Ill. 2d 129, 133, 445 N.E.2d 769, 771 (1983) (trial court must admonish defendant pursuant to Rule 401(a) in revocation of probation proceeding). We disagree.

Young clearly understood that he had the right to continued representation by the public defender. The question is whether it is mandatory that a court comply with the technical requirements of Rule 401(a) when a defendant discharges his attorney late in the proceedings, here, after trial. Rule 401(a) expresses no such intent. A defendant who has been represented by an attorney for a period of time is more likely to understand the workings of the system than a defendant who first appears in court. The language of Rule 401(a) manifests only the intent to deal with defendants who are considering a waiver of counsel at the initial-appointment stage of the proceedings. The plain language of Rule 401(a) says that the admonishments are to be given to a defendant "accused" of an offense "punishable" by imprisonment. 134 Ill. 2d R. 401(a). In this case, Young had already been *convicted* of the offense and *sentenced*, while being represented by counsel. Young already knew everything a Rule 401(a) admonishment would have told him.

Young complains that "[t]he court did not explain the nature of the charge, the maximum sentence, [or] [Young's] mandatory consecutive sentence." It would have been useless for the trial court to inform Young of the nature of a charge and the possible sentencing because Young was not facing any charge or possible sentence. As stated above, he had already been convicted and sentenced. The plain language and logic of Rule 401(a) do not require admonishing a defendant who has been convicted and sentenced of the nature of the charge for which he was just convicted and the sentence he just received. *Cf. People v. Hovenec*, 232 Ill. App. 3d 57, 62-63, 596 N.E.2d 749, 753 (1992) (finding the trial court complied with Rule 401(a) by admonishing defendant who was convicted but not yet sentenced of the crime for which he had just been convicted, the minimum and maximum sentences, and the right to counsel).

### D. The Prosecutor's Closing Argument

 Young argues that he is entitled to a new trial because various comments made by the prosecutor in rebuttal argument amounted to reversible error. Young did not object to these comments at trial or in a posttrial motion. To preserve an issue for review, a defendant must

make both a contemporaneous objection and a specific objection in his posttrial motion; failure to do so results in forfeiture of the issue. *People v. Norfleet*, 259 Ill. App. 3d 381, 389, 630 N.E.2d 1231, 1239 (1994). Young argues that we may still address this issue as a matter of "plain error." See 134 Ill. 2d R. 615(a) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court"). Specifically, Young argues that plain error may be invoked because the evidence was closely balanced. See *People v. Keene*, 169 Ill. 2d 1, 18, 660 N.E.2d 901, 910 (1995) ("A procedural default may be excused either because the error affected 'substantial rights' or, independent of the nature of the right affected, simply because the evidence in the case was closely balanced").

We find that the evidence in this case was not closely balanced. Young's testimony contradicted Cumberland's testimony, and there was no physical evidence in this case. However, Cumberland's testimony was unimpeached and substantially corroborated by another correctional officer who was standing immediately behind Cumberland when the spitting occurred. The corroborating testimony gave the jury more evidence with which to convict than just one person's word over another. As such, the evidence against Young was not closely balanced. See, *e.g.*, *People v. Burrows*, 148 Ill. 2d 196, 229-30, 592 N.E.2d 997, 1011 (1992) (finding evidence not closely balanced, despite lack of physical evidence linking defendant to crime scene, where two witnesses testified to witnessing defendant commit the crime). We therefore consider Young's argument regarding the prosecutor's closing argument forfeited.

## III. CONCLUSION

We affirm.

Affirmed.

MYERSCOUGH, P.J., concurs.

JUSTICE APPLETON, dissenting:

Although I otherwise agree with the majority's opinion, I respectfully dissent from the conclusion that the trial court need not have complied with Rule 401(a) during the hearing on Young's posttrial motions.

The majority holds that Rule 401 applies only to "defendants who are considering a waiver of counsel at the initial-appointment stage of the proceedings." 341 Ill. App. 3d at 387. That holding flies in the face of precedent.

In *People v. Langley*, 226 Ill. App. 3d 742, 743, 589 N.E.2d 824, 825 (1992), the defendant was represented by an attorney throughout the trial but represented himself during the sentencing hearing. We held that the trial court should have admonished the defendant under Rule 401(a) before accepting his waiver of counsel in the sentencing hearing. *Langley*, 226 Ill. App. 3d at 751, 589 N.E.2d at 831. Clearly, under our decision in *Langley*, Rule 401(a) remains applicable after arraignment and even after trial. The majority disposes of *Langley* by ignoring it.

The majority assumes that because Young had been convicted and sentenced, he "already knew everything a Rule 401(a) admonishment would have told him." 341 Ill. App. 3d at 387. In an ideal world with ideally perceptive defendants, one could safely make that assumption. Unfortunately, the record suggests that we exist in a less-than-ideal world. At the pretrial hearing, the public defender informed the trial court that Young had "been diagnosed as schizophrenic" and was "receiving SSI [(supplemental security income)] because of that condition." It appears, from Young's oral responses during the pretrial hearing, that he was incapable of remembering what the trial court told him only a month earlier, during the first appearance. The trial court had to explain to him again the nature of the charge. In the hearing on his posttrial motions, Young seemed to be laboring under the delusion that he was "[t]here for a minor possession."

The very purpose of Rule 401 is to eliminate any reliance on the assumption that the defendant already knows the information in Rule 401(a) or that the defendant has "picked up" the information along the way. In unambiguous, mandatory language, Rule 401(a) states: "The court *shall not* permit a waiver of counsel *** without first *** informing him of *and* determining that he understands the following ***." (Emphases added.) 134 Ill. 2d R. 401(a). Rule 401 does not contemplate a one-way conduit of communication. "The conclusion that defendant has knowingly waived his right to counsel is based upon the totality of [the defendant's] responses to the court's admonitions." *People v. Johnson*, 123 Ill. App. 3d 128, 131, 462 N.E.2d 930, 932 (1984).

As the majority states, Young had a constitutional right to counsel at the hearing on his posttrial motions. The purpose of Rule 401 is to prevent the defendant from "waiving the right to counsel without full knowledge and understanding." *People v. Schrodt*, 8 Ill. App. 3d 660, 662, 289 N.E.2d 652, 653 (1972). Obviously, by promulgating Rule 401(a), the supreme court has expressed its conclusion that defendants cannot intelligently waive counsel without understanding their right to counsel as well as some basic information about their case: the

nature of the charge and the minimum and maximum potential punishment. See 134 Ill. 2d R. 401(a). Regardless of how far the criminal proceedings have progressed, a defendant cannot intelligently waive his or her right to counsel without a grasp of that essential information.

I would reverse the trial court's judgment and remand this case for a new hearing on Young's posttrial motions, including strict compliance with Rule 401. See *People v. Derra*, 92 Ill. App. 3d 1106, 1112, 416 N.E.2d 688, 692 (1981) (defendant's waiver of counsel was ineffective without strict compliance with Rule 401).