# Illinois Official Reports

## Appellate Court

---

**People v. Lamar, 2015 IL App (1st) 130542**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN LAMAR, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-0542 |
| Filed | November 19, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-8416; the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kieran M. Wiberg, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Anthony O'Brien, and Iris G. Ferosie, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion. Presiding Justice McBride and Justice Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Steven Lamar appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) at the second stage of proceedings. Defendant contends that he made a substantial showing of ineffective assistance of trial counsel for failure to file a notice of appeal and, alternatively, that his cause should be remanded for further proceedings because the Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate of compliance filed by his postconviction counsel was inadequate, and the record demonstrates that counsel provided unreasonable assistance.

¶ 2    Following a bench trial in September 2010, defendant was found guilty of forgery for using a counterfeit $100 bill to pay for a drink at a bar, and sentenced to three years in prison. Defendant did not directly appeal this judgment; however, he later filed a complaint against trial counsel with the Attorney Registration and Disciplinary Commission (ARDC) alleging attorney misconduct. On March 2, 2012, defendant filed a *pro se* postconviction petition alleging ineffective assistance of counsel for, *inter alia*, failing to file a notice of appeal on his behalf. In his petition, defendant alleged that although defense counsel responded to the ARDC complaint by stating that he brought a notice of appeal to the sentencing proceedings but did not file it because defendant did not wish to appeal, defendant "never knew that his attorney brought it to court." He also alleged that he never told his counsel that he did not want an appeal and expected counsel to appeal his conviction. He further alleged that he thought an appeal was pending until about 13 months after his conviction when he asked someone about it and was told that he should have heard something by now.

¶ 3    In support of his petition, defendant attached, in relevant part, his own affidavit averring that he "asked [counsel] to compare the preliminary transcripts to the trial transcripts after [he] was found guilty, because [he] was expecting an appeal." Defendant further averred that counsel was "not telling the truth" to the ARDC in stating that defendant did not want to appeal. Defendant also attached a copy of the letter counsel sent to the ARDC in which counsel stated that defendant was advised of his right to appeal, but told counsel that he did not wish to appeal. Counsel further stated in that letter that he told defendant he had 30 days to appeal the sentence, and that defendant could contact him anytime by mail or by calling collect, but he never heard from defendant until he received a letter from the ARDC. Counsel asserted that defendant's allegations were "untrue," that he would have filed a notice of appeal if defendant wished him to do so, and, that he had one prepared in advance of sentencing.

¶ 4    Because more than 90 days had passed from defendant's filing of the postconviction petition, defendant's petition automatically advanced to the second stage of postconviction proceedings, and the circuit court appointed counsel to represent him. Appointed counsel informed the court that since there was no direct appeal in this matter, he needed to order the transcripts, and on the next date, informed the court that he was still waiting to receive the complete set.

¶ 5    On November 7, 2012, new postconviction counsel appeared on defendant's behalf, and filed a Rule 651(c) certificate of compliance, stating that he consulted with defendant to ascertain his contentions of deprivation of constitutional rights, obtained and examined the record of the proceedings at trial, examined the *pro se* postconviction petition, and prepared no amendments to said petition.

¶ 6      On December 27, 2012, the State filed a motion to dismiss, alleging that defendant did not outright claim that he wanted an appeal, and did not affirmatively state in his petition that he told his counsel he wanted an appeal, but simply stated that he thought an appeal was pending and was expecting an appeal. The State asserted that defendant's claim was not well pled, and that it is not for the court to guess or infer what defendant means. In addition, the State alleged that the ARDC documentation contradicted defendant's claim, demonstrated that defendant could not make a substantial showing of a constitutional violation, and thus, his petition should be dismissed outright.

¶ 7      In response, postconviction counsel filed citation of authority which set forth the parameters by which a petition is judged at the second stage of proceedings, and in particular, one alleging ineffective assistance of counsel. He also recounted the broad right of criminal defendants to a direct appeal and counsel's obligations to his client.

¶ 8      Following a hearing on the motion, the court found that defendant had not shown a substantial violation of his constitutional rights, and that his claims failed to meet either prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). The court further noted that trial counsel's letter to the ARDC states that defendant told him that he did not want an appeal, and therefore, it was not counsel waiving the appeal, but rather, defendant. The court granted the State's motion to dismiss.

¶ 9      In this case, defendant argues that the allegations in his petition, viewed against the backdrop of the trial record, demonstrate a substantial showing of a constitutional violation because trial counsel was ineffective for either disregarding his instructions to file an appeal or failing to consult with him about an appeal. The State responds that defendant's postconviction petition failed to make a showing of a substantial constitutional violation where he did not allege that his trial counsel knew, or should have known, of his wish to file a notice of appeal.

¶ 10      Initially, the State contends that this court should not consider defendant's claim because he failed to include the letter to the ARDC that was originally attached to his postconviction petition. However, we note that defendant has included a copy of the ARDC letter in the appendix of his reply brief and has also supplemented the record. Thus, defendant's record on appeal is complete.

¶ 11      The Act provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial, and establishes a three-stage process for adjudicating a postconviction petition. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). In the first stage, the circuit court may dismiss postconviction petitions that are "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). In the second stage, "the circuit court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). If the petitioner makes the requisite substantial showing that his constitutional rights were violated, he is entitled to a third stage evidentiary hearing. *Id.* ¶ 34. At such a hearing, the circuit court serves as the fact finder, and, therefore, it is the court's function to determine witness credibility, decide the weight to be given testimony and evidence, and resolve any evidentiary conflicts. *Id.*

¶ 12      In this case, defendant's postconviction petition was dismissed at the second stage of review. At this stage, "all well-pleaded facts that are not positively rebutted by the trial record are *** taken as true." *Pendleton*, 223 Ill. 2d at 473. Dismissal is warranted only if the

allegations in the petition, when "liberally construed in light of the trial record," cannot support a substantial showing of a constitutional violation. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 13    The Illinois Supreme Court has provided some guidance as to what constitutes a "substantial showing" of a violation:

> "The second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation. In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *Domagala*, 2013 IL 113688, ¶ 35.

¶ 14    Because the threshold at the second stage is whether the petition is legally sufficient, "[t]he inquiry into whether a post-conviction petition contains sufficient allegations of constitutional deprivations does not require the circuit court to engage in any fact-finding or credibility determinations." *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). Therefore, our review of the dismissal of a postconviction petition at the second stage is *de novo. Id.* at 387-89.

¶ 15    Ineffective assistance of counsel claims are evaluated under the two-prong performance-prejudice test established in *Strickland*, 466 U.S. 668. Under *Strickland*, a defendant must prove that defense counsel's performance fell below an objective standard of reasonableness and that this substandard performance caused prejudice. *People v. Johnson*, 218 Ill. 2d 125, 143-44 (2005). In this case, the parties disagree on what a defendant is required to demonstrate to satisfy the prejudice prong of *Strickland* during the second stage of postconviction proceedings where a defendant alleges that his counsel was ineffective for failure to file a notice of appeal. Specifically, defendant, citing *People v. Ross*, 229 Ill. 2d 255, 261 (2008), argues that he is not required to show prejudice beyond the fact that he was denied his opportunity to appeal his conviction. However, the State relies on *Edwards*, 197 Ill. 2d at 257-58, for its contention that defendant must allege the grounds that could have been raised on appeal. We agree with defendant and find the State's reliance on *Edwards* misplaced.

¶ 16    In *Edwards*, the defendant–who had pled guilty pursuant to a negotiated guilty plea–claimed in a postconviction petition that he received ineffective assistance of counsel due to counsel's failure to file a motion to withdraw the guilty plea to preserve his right to appeal. *Id.* The *Edwards* court found that the defendant's petition presented the "gist" of an ineffective assistance of counsel claim sufficient to survive the first stage of postconviction proceedings; however, it held that in order to obtain a evidentiary hearing on the issue a defendant must make a substantial showing: (1) "that he told his trial counsel to file a motion to withdraw his guilty plea"; and (2) "that counsel was constitutionally ineffective for failing to do so." *Id.* at 257. The court further held that a showing that counsel was constitutionally ineffective "will necessarily entail some explanation of the grounds that could have been presented in the motion to withdraw the plea." *Id.* at 258.

¶ 17    The State maintains that, with this holding, the *Edwards* court enunciated the necessary showing to survive second-stage review and obtain an evidentiary hearing on an issue. However, we do not believe that the court in *Edwards* intended this holding to apply in instances where a defendant alleges ineffective assistance of counsel for failure to file a notice of appeal. Our determination is based on our supreme court's intention that a defendant who

pleads guilty endures a higher procedural hurdle to appeal his conviction than a defendant who is found guilty following a trial.

¶ 18    Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) provides that before a guilty plea may be accepted, the trial judge must personally admonish the defendant in open court and inform him of the nature of the charge; the potential sentence possibilities; and inquire into whether the defendant understands the dimensions of his trial rights and the consequences of his guilty plea as it waives such rights. The court is also obligated to determine if the plea is voluntary (Ill. S. Ct. R. 402(b) (eff. July 1, 2012)) and if a factual basis supports the plea (Ill. S. Ct. R. 402(c) (eff. July 1, 2012)). If the guilty plea is based on a plea agreement, the terms of the agreement must be made part of the record and the judge must indicate whether he concurs with the agreement. Ill. S. Ct. R. 402(d)(2) (eff. July 1, 2012). The purpose of the admonishments is to ensure that the defendant understands his plea, the rights he has waived by pleading guilty and the consequences of his action. *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009) (citing *People v. Johns*, 229 Ill. App. 3d 740 (1992)). Because Rule 402 requires that a defendant's guilty plea be intelligent and voluntary, the trial court's substantial compliance with the rule gives rise to the presumption that the plea is constitutionally valid. See *People v. Burt*, 168 Ill. 2d 49, 64 (1995); see also *People v. Wilson*, 295 Ill. App. 3d 228, 235 (1998).

¶ 19    As a result, Illinois Supreme Court Rule 604(d) provides that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court *** a motion to withdraw the plea of guilty and vacate the judgment. *** The motion shall be in writing and shall state the *grounds* therefor." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014). If the motion to withdraw the guilty plea is allowed, the trial court "shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew." *Id.* However, if the motion is denied, "a notice of appeal from the judgment and sentence shall be filed." *Id.* Thus, under Rule 604(d), a defendant who pleads guilty is not entitled to a direct appeal unless he has first set forth grounds to withdraw his guilty plea before the trial court. See *People v. Wilk*, 124 Ill. 2d 93, 105 (1988) (holding that "Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty" (citing *People v. Stacey*, 68 Ill. 2d 261 (1977))).

¶ 20    Conversely, a criminal defendant who maintains his innocence and is convicted following a trial has an automatic right to appeal his conviction. Ill. Const. 1970, art. VI, § 6; *People v. McCaslin*, 2014 IL App (2d) 130571, ¶ 13. Illinois Supreme Court Rule 606 (eff. Dec. 11, 2014) provides that in order to perfect an appeal a defendant need only file a notice of appeal with the clerk of the trial court specifying the order or judgment he wishes to appeal. Nothing in the rule requires a defendant to specify grounds for his appeal. Accordingly, we decline to extend the holding in *Edwards* to cases where, such as here, a defendant merely alleges that counsel failed to file a notice of appeal on his behalf. Instead, we believe the holding in *Edwards* that a substantial showing of a constitutional violation "will necessarily entail some explanation of grounds" was intended to mirror the requirements of Rule 604(d) requiring a defendant who pleads guilty to allege grounds to withdraw his guilty plea before he can appeal his conviction. Such a procedural bar does not apply to a defendant who is convicted following a trial.

¶ 21    Because the right to appeal is fundamental, in cases where a defendant alleges that counsel was ineffective for failure to file a notice of appeal, it is appropriate at the second stage of

proceedings that a defendant need only show "a reasonable probability that, but for counsel's deficient representation, the defendant would have appealed." *Ross*, 229 Ill. 2d at 262. A defendant's allegation that counsel failed to file an appeal pursuant to his wishes necessarily demonstrates a substantial violation of defendant's constitutional right to appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"). We now address the merits of defendant's claims.

¶ 22    Accepting the allegations in defendant's postconviction petition as true and construing them liberally for purposes of a second stage proceeding, we find that the petition supports a substantial showing that he was denied effective assistance of counsel. Here, defendant alleged in his postconviction petition that he never told counsel that he did not want to appeal, thought one was pending, and expected and wanted an appeal. Further, in his sworn affidavit he alleged that he specifically, "asked [counsel] to compare the preliminary transcripts to the trial transcripts after [he] was found guilty, because [he] was expecting an appeal." Defendant's allegations that he explicitly asked trial counsel to take steps to prepare an appeal, if proven at an evidentiary hearing, would demonstrate that trial counsel's performance was deficient. See *Ross*, 229 Ill. 2d at 262 (holding that the filing of a notice of appeal is a ministerial task, and defense counsel's performance in failing to file a notice is substandard). Moreover, if we accept defendant's allegation as true, that he expected and wanted an appeal, we find that he demonstrates that, but for counsel's deficient representation, he would have appealed. *Id.*

¶ 23    Although in his response letter to the ARDC counsel contradicted defendant's claims as "untrue" and stated that he advised defendant of his right to appeal and defendant did not wish to appeal, we do not find that these contradictory statements "positively rebut" defendant's allegations; namely, they do not address the alleged off-the-record conversation defendant had with counsel regarding his expectation of an appeal or whether counsel consulted with defendant to ascertain his wishes. See *People v. Kitchen*, 189 Ill. 2d 424, 433 (1999) (holding that "when a petitioner's claims are based upon matters outside the record, this court has emphasized that 'it is not the intent of the [A]ct that [such] claims be adjudicated on the pleadings' " (quoting *People v. Airmers*, 34 Ill. 2d 222, 226 (1966))). At best, the record reveals a disputed fact which our supreme court has held is best resolved through an evidentiary hearing where fact-finding and credibility determinations are appropriate. See *People v. English*, 2013 IL 112890, ¶ 23. Consequently, the trial court should have reserved its resolution of the conflicting evidence in this case following an evidentiary hearing, the third stage under the Act.

¶ 24    Nonetheless, the State contends that because defendant never alleged in his petition that he gave specific instructions to his trial counsel to appeal his conviction, the appropriate inquiry in this case is whether counsel consulted with defendant about appealing pursuant to *Flores-Ortega*, 528 U.S. 470. In *Flores-Ortega*, the Supreme Court held that where defendant neither instructs counsel to file an appeal nor asks that an appeal be taken, the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking whether counsel consulted with defendant about an appeal. *Id.* at 478. The Court then stated that "[w]e employ the term 'consult' to convey a specific meaning–advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

¶ 25 Here, counsel claims in his response letter to the ARDC that he prepared an appeal, brought the appeal to court, but did not file it pursuant to defendant's wishes; however, defendant alleged in his petition that he "never knew that his attorney brought [the appeal] to court" and "thought that [an appeal] was pending." Thus, even if we accept the State's contention that defendant did not give specific instructions to counsel regarding whether he wanted to file an appeal, the conflicting statements in defendant's petition and trial counsel's response letter to the ARDC reveal a clear dispute regarding whether counsel properly consulted with defendant to discover his desire to appeal. Again, this conflict should have been resolved following an evidentiary hearing. See *English*, 2013 IL 112890, ¶ 23. Additionally, the record is unclear as to whether counsel advised defendant about the advantages and disadvantages of filing an appeal.

¶ 26 Accordingly, we conclude that defendant's postconviction petition sets forth a substantial showing of a constitutional violation and, therefore, defendant is entitled to an evidentiary hearing. We note that our finding in this case does not suggest, however, that defendant's allegations are credible or supported by the evidence; we simply conclude that defendant's petition, which contained well-pled allegations that must be taken as true, is legally sufficient and establishes a substantial showing of a constitutional violation based on ineffective assistance of counsel. Because we reverse on other grounds, we need not reach defendant's argument regarding the adequacy of his Rule 651(c) certificate and whether counsel provided unreasonable assistance in failing to amend his petition to properly allege his claim.

¶ 27 For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

¶ 28 Reversed and remanded.