NOTICE
This Order was filed under
Supreme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under Rule
23(e)(1).

2021 IL App (4th) 190275-U

NO. 4-19-0275

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| FRANKLIN L. SMALL JR., | ) | No. 14CF713 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court reversed, holding the trial court erred in dismissing
defendant's postconviction petition during second-second stage proceedings
because defendant made a substantial showing his counsel rendered ineffective
assistance.

¶ 2       In May 2015, following a bench trial, defendant, Franklin L. Small Jr., was found

guilty of attempt (murder), a Class X felony (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2014)), and

aggravated domestic battery, a Class 2 felony (720 ILCS 5/12-3.3 (West 2014)). In July 2015,

defendant filed a *pro se* motion with the trial court, alleging he received ineffective assistance of

counsel. Following a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045

(1984), after discussion with defendant and defense counsel, the trial court found defendant's

claims lacked merit and refused to appoint new counsel. In the same hearing, the trial court

sentenced defendant to 13 years in the Illinois Department of Corrections (7 years for attempt

(murder) and 6 years for aggravated domestic battery), followed by 4 years' mandatory

supervised release. The court ordered these sentences to be served consecutive to the sentence imposed in case No. 14-CF-28 in the circuit court of Moultrie County.

¶ 3    On September 16, 2015, defendant filed a *pro se* motion for a *nunc pro tunc* order, claiming he was entitled to 408 days of credit for time served in this case. The trial court denied the motion the next day in a docket entry. Defendant filed an untimely appeal on November 25, 2015, which this court eventually dismissed for lack of jurisdiction. *People v. Small*, 2017 IL App (4th) 150943-U.

¶ 4    In October 2017, defendant filed a *pro se* petition for postconviction relief, claiming he received ineffective assistance from trial counsel, the trial court conducted an inadequate *Krankel* inquiry, and his convictions were entered in violation of the one-act, one-crime rule. In February 2018, the trial court reviewed defendant's petition and found it presented the gist of a constitutional claim. The court advanced the petition to a second-stage proceeding and appointed defendant counsel.

¶ 5    In November 2018, through counsel, defendant filed an amended petition for postconviction relief, alleging ineffective assistance of counsel. The amended petition alleged trial counsel committed several errors, chief among them failing to file (or ask the court to direct the clerk to file) a timely direct appeal, contrary to defendant's request. The State moved to dismiss the amended petition in January 2019. The trial court heard defendant's petition and the State's motion to dismiss in March 2019 and eventually granted the State's motion in a written order.

¶ 6    Defendant appealed, raising several issues, including that the postconviction court erred by not advancing his petition to a third stage since he made a substantial showing of ineffective assistance counsel, particularly counsel's failure to perfect a direct appeal. The State

has conceded the error and agrees defendant is entitled to a third-stage evidentiary hearing. We accept the State's concession and agree the case should be remanded for an evidentiary hearing where defendant is free to litigate all the issues raised in his amended petition.

¶ 7                                     I. BACKGROUND

¶ 8             In June 2014, the State charged defendant by information with single counts of attempt (first degree murder) (count I) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2014)) and aggravated domestic battery (count II) (720 ILCS 5/12-3.3 (West 2014)). Following a May 2015 bench trial, the trial court found defendant guilty on both counts. Citing insufficient evidence, defendant filed a posttrial motion asking the court to either set aside the guilty verdicts or order a new trial. The trial court denied the motion.

¶ 9             On July 21, 2015, defendant, *pro se*, filed a motion alleging he received ineffective assistance of counsel, specifically that trial counsel failed to communicate with him or his family, failed to subpoena witnesses or ask specific questions defendant wanted asked, and finally, counsel exhibited bias against defendant during closing arguments. Two days later, at the previously scheduled sentencing hearing, the trial court addressed defendant's motion by conducting a *Krankel* inquiry. The trial court reviewed defendant's allegations with him, one-by-one, allowing defendant to elaborate on why or how he thought counsel provided ineffective assistance and then allowing trial counsel to respond to each allegation. When questioning defendant about his claim that counsel was ineffective for failing to use Facebook postings to argue defendant was being set-up, defendant responded: "Um that's—something *I think I should save probably 'cuz I think it's probably gonna go to appellate court situation*. But if he would have received 'em, he could'a used 'em in my trial." (Emphasis added). Upon inquiring into all defendant's ineffective-assistance-of-counsel allegations, the trial court

determined they lacked merit and pertained only to matters of trial strategy. The trial court then moved on to the sentencing portion of the hearing, where it sentenced defendant to seven years in the Illinois Department of Corrections on count I and six years on count II, which were to run consecutively to each other and the three-year sentence imposed in Moultrie County case No. 14-CF-28.

¶ 10        In October 2017, defendant filed a *pro se* petition for postconviction relief, claiming he received ineffective assistance from trial counsel. Specifically, he alleged trial counsel failed to perfect a direct appeal and failed to raise self-defense at trial. Defendant also alleged other constitutional violations, including the trial court's inadequate *Krankel* inquiry and his convictions were entered in violation of the one-act, one-crime rule. In February 2018, the trial court reviewed defendant's petition and found it presented the gist of a constitutional claim. The court advanced the petition to a second-stage proceeding and appointed defendant counsel.

¶ 11        On November 7, 2018, through counsel, defendant filed an amended petition for postconviction relief, alleging ineffective assistance of counsel. The amended petition alleged trial counsel committed several errors, including: (1) failing to file (or ask the court to direct the clerk to file) a timely direct appeal, contrary to defendant's request; (2) failing to argue self-defense at trial, contrary to defendant's request he do so; (3) failing to try to introduce evidence of the victim's propensity to commit violent acts; (4) failing to challenge the convictions under the one-act, one-crime rule; (5) failing to meet with defendant to discuss the case; (6) failing to keep defendant informed about the case; (7) forcing defendant to waive his jury-trial right; and (8) failing to challenge the court's entry of a sentence consecutive to the Moultrie County case (No. 14-CF-28). The State moved to dismiss the amended petition on January 28, 2019. The trial court presided over a hearing on defendant's petition and the State's

- 4 -

motion to dismiss on March 11, 2019. Defendant's postconviction counsel filed a Rule 651 certificate at that hearing. See Ill. S. Ct. R. 651 (eff. July 1, 2017). After taking the matter under advisement, the trial court granted the State's motion to dismiss. Concerning defendant's allegation that trial counsel failed to file a timely notice of appeal, the court found "the failure to file a timely notice of appeal was remedied when Defendant's [postconviction] petition advanced to the second stage. This failure to file a notice of appeal is not sufficient to advance the case to an evidentiary hearing."

¶ 12        Defendant appealed this second stage dismissal, levying several arguments on how the trial court erred. For the following reasons, we find dispositive his first argument—the trial court erred in dismissing his petition because he made a substantial showing that his trial counsel proved ineffective by failing to perfect a timely direct appeal on defendant's behalf— and remand for a third-stage evidentiary hearing on all the issues he raised in his amended postconviction petition.

¶ 13                            II. ANALYSIS

¶ 14        Defendant contends the trial court erroneously dismissed his amended postconviction petition because he made a substantial showing that he received ineffective assistance of counsel. Specifically, he claims he made a substantial showing he wanted to appeal but his counsel failed to file a timely notice of appeal on his behalf and he would have appealed without counsel's error. The State agrees with defendant and concedes this matter should be remanded for an evidentiary hearing. We accept the State's concession. See *People v. Burns*, 2019 IL App (4th) 170018, ¶ 13, 126 N.E.3d 795.

¶ 15        The Post-Conviction Hearing Act "establishes a procedure for determining whether a criminal defendant was convicted in substantial violation of his or her constitutional

rights." *People v. Collins*, 202 Ill. 2d 59, 65, 782 N.E.2d 195, 198 (2002) (citing 725 ILCS 5/122-1(a) (West 2000)). To survive a motion to dismiss from the State at the second stage of postconviction proceedings and advance to a third-stage evidentiary hearing, a defendant's petition "must make 'a substantial showing of a violation of constitutional rights.' " *People v. Wingate*, 2015 IL App (5th) 130189, ¶ 24, 31 N.E.3d 275 (quoting *People v. Coleman*, 183 Ill. 2d 366, 381, 701 N.E.2d 1063, 1072 (1998)). "When a trial court dismisses a petition for postconviction relief at the second stage of proceedings," as it did here, this court "review[s] [the] dismissal *de novo*, taking as true all well-pleaded facts that are not positively rebutted by the trial record." *Wingate*, 2015 IL App (5th) 130189, ¶ 24 (citing *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006)). Second stage dismissal is only appropriate when the petition's allegations "when 'liberally construed in light of the trial record,' cannot support a substantial showing of a constitutional violation." *People v. Lamar*, 2015 IL App (1st) 130542, ¶ 12, 44 N.E.3d 1178 (quoting *People v. Hall*, 217 Ill. 2d 324, 334, 841 N.E.2d 913, 920 (2005)). The substantial-showing standard applied during a second-stage proceeding " 'is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief.' " (Emphasis in original.) *Lamar*, 2015 IL App (1st) 130542, ¶ 13 (quoting *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767).

¶ 16        The Illinois and United States constitutions guarantee criminal defendants the right to counsel, and the latter mandates, " 'the right to counsel is the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)); U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. When presented with a defendant's ineffective-assistance-of-counsel claim, we apply

the well-established, two-part *Strickland* test. The defendant must prove: (1) counsel rendered deficient performance, meaning counsel's representation fell below an objective standard of reasonableness as gauged by prevailing professional norms and (2) counsel's deficient performance prejudiced the defendant, *i.e.*, but for counsel's errors the result of the proceeding would have been different. See *People v. Young*, 341 Ill. App. 3d 379, 383, 792 N.E.2d 468, 472 (2003) (citing *Strickland*, 466 U.S. at 687); *People v. Peck*, 2017 IL App (4th) 160410, ¶ 26, 79 N.E.3d 232.

¶ 17 The United States Supreme Court has applied this well-worn *Strickland* standard to claims like we have here, *i.e.*, "ineffective-assistance claims based upon defense counsel's failure to file a notice of appeal." *People v. Ross*, 229 Ill. 2d 255, 261, 891 N.E.2d 865, 869 (2008) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). The Court explained: "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484. For this particular ineffective-assistance claim, the Supreme Court put a variation on the *Strickland* theme resulting in this two pronged test: (1) counsel provides deficient performance when he or she disregards a defendant's specific instructions to file a notice of appeal (*Ross*, 229 Ill. 2d at 261 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969))) and (2) "there is a reasonable probability that, but for counsel's deficient representation, the defendant would have appealed" (*Ross*, 229 Ill. 2d at 262 (citing *Flores-Ortega*, 528 U.S. at 484)). We can presume prejudice, however, "when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal." *Ross*, 229 Ill. 2d at 262 (citing *Flores-Ortega*, 528 U.S. at 484).

¶ 18        Here, defendant's amended postconviction petition alleged trial counsel neglected to file a notice of appeal despite defendant's request that he file one. Defendant cites his statement during the *Krankel* inquiry, "Um that's—something I think I should save probably 'cuz I think it's probably gonna go to appellate court situation," as record evidence he wanted to appeal his convictions and would have done so had counsel filed a timely notice of appeal. He contends this statement supports the allegation in his postconviction petition that trial counsel disregarded his request to file a notice of appeal. Further, in response to this allegation, the State elected to file no affidavits or other evidence tending to refute defendant's claim. Here, the State agrees with defendant, conceding in its brief: "Because defendant's claim set forth a substantial showing of a constitutional violation, he is entitled to a third-stage evidentiary hearing on that claim," citing to *Lamar*, 2015 IL App (1st) 130542, ¶ 26. We accept the State's concession. Taking as true defendant's allegation that he asked counsel to file a notice of appeal but counsel did not and liberally construing defendant's statement from the *Krankel* hearing to infer there existed a reasonable probability defendant would have appealed but for counsel's deficient performance, we conclude defendant made a substantial showing of a constitutional violation, namely, ineffective assistance of counsel. In other words, defendant made a substantial showing of a constitutional violation because, *if proved in an evidentiary hearing*, his allegations amount to ineffective assistance of counsel. See *Lamar*, 2015 IL App (1st) 130542, ¶ 13 (quoting *Domagala*, 2013 IL 113688, ¶ 35).

¶ 19        As we see it, the trial court made the same finding but believed any constitutional violation for ineffectiveness of counsel had been corrected by defendant's postconviction petition advancing to a second-stage hearing. Indeed, in its written order, the trial court expressly found "the failure to file a timely notice of appeal was remedied when Defendant's

post-conviction petition advanced to the second stage. This failure to file a notice of appeal is not sufficient to advance the case to an evidentiary hearing." As defendant notes in his brief, and as the State concedes in its brief, the trial court erred in concluding the constitutional violation had been properly remedied, thereby obviating the need for a third-stage hearing. Our supreme court made clear in *Ross* the differences between postconviction relief and direct appeals result in "[a] postconviction petition [being] no substitute for a direct appeal." *Ross*, 229 Ill. 2d at 269. Since both parties accurately cite *Ross* in their briefs, we see no need to expand upon our supreme court's reasoning other than to say it controls here. The second-stage postconviction proceeding did not remedy the lack of a timely direct appeal. The trial court erred in finding otherwise.

¶ 20        Defendant argues we should dispense with a third-stage evidentiary hearing and, instead, remand with instructions to allow him to file a direct appeal. The State, by contrast, contends we must remand for the evidentiary hearing. Finding no support for defendant's argument, we agree with the State and remand for a third-stage hearing. Since we reverse the trial court's decision dismissing defendant's amended postconviction petition and remand for a third-stage evidentiary hearing, we need not address defendant's other arguments. He can litigate those issues in the trial court.

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we reverse the trial court's judgment and remand for proceedings consistent with this order.

¶ 23        Reversed and remanded.